## NIEBUHR v. SCHREYER.

*(Common Pleas of New York City and County, General Term.   April 6, 1891.)*

1. WHAT CONSTITUTES USURY—LAND CONTRACTS.

   The plaintiff and defendant entered into an agreement whereby the latter was to advance money for the purchase of lots and the erection of houses thereon, to be sold, he to receive out of the proceeds of sale the moneys advanced by him, with interest, and one-third of the profits.  The defendant advanced moneys under said contract, and a number of lots were bought and houses erected and sold thereunder. *Held,* that defendant was jointly interested with the plaintiff in the property bought under said contract, and that the moneys advanced by him were not loans to plaintiff, and therefore not open to the objection of usury in an accounting between the parties.

2. REVIEW ON APPEAL—OBJECTIONS NOT MADE BELOW.

   Where no objection is made at the trial as to a variance between the pleadings and proof the same cannot be raised on appeal.

3. ACCOUNTING.

   The defendant conveyed certain premises to plaintiff to enable her to raise money by a mortgage thereon.  She immediately reconveyed the property to defendant, and thereupon, at the request of defendant, executed another deed conveying the property to his vendee.  *Held,* that such subsequent conveyance to said vendee, as between herself and defendant, was no conveyance of any title or interest whatever, and that, having parted with nothing, she was entitled to nothing as credit on account thereof.

Appeal from judgment on report of referee.

Action by Margaret Niebuhr against John Schreyer for an accounting in respect of alleged copartnership transactions.  The plaintiff, the owner of eight lots of land on West Forty-Fifth street and Tenth avenue in the city of New York, entered into an agreement with the defendant in October or November, 1883.  By the terms of this agreement the defendant was to advance the plaintiff such moneys as should be required to pay for these lots and erect buildings thereon, over and above such moneys as the plaintiff should raise for that purpose by means of her bonds and mortgages on the property; and all of the moneys so loaned by the defendant were to be repaid to him when the houses should be completed and sold, with interest, and one-third of the

·profits that should be realized upon their sale. The houses were completed and sold at a profit of $24,000. The defendant from time to time made advances under this agreement, which (including interest to January 1, 1885) amounted to $65,014.36, and upon the sale of the houses he received from the proceeds thereof (including similar interest) the sum of $73,627, thus leaving a balance of $8,612.64 in favor of the plaintiff as of January 1, 1885. In reduction of this balance the referee allowed the defendant a credit of $8,000,—one-third of the before-mentioned profits,—and a further credit of $819.11 upon a counter-claim set up in the answer, for joint funds used by the plaintiff in the purchase of individual property. The plaintiff appeals from a judgment entered upon the report of a referee ascertaining a balance due the plaintiff of $206.47. For former reports, see 2 N. Y. Supp. 413, and 8 N. Y. Supp. 950.

Argued before DALY, C. J., and BISCHOFF, Jr., and PRYOR, JJ.

*M. Mitchell Tyng,* (*T. M. Tyng,* of counsel,) for appellant. *A. Oldrin Salter,* (*Alex Hain,* of counsel,) for respondent.

DALY, C. J. This is an appeal from a final and also from an interlocutory judgment in an action brought for an accounting of a copartnership alleged to have been entered into between the parties prior to November, 1883, for the purchase of lots and erection of buildings thereon in the city of New York, the defendant to advance all the money needed for such purchase and building, and to be entitled to repayment of the same, with interest, and one-third of the profits. The property acquired by the copartnership was averred to be five lots on Forty-Fifth street, three lots on Tenth avenue, one lot on Ninth avenue, and three lots on Bank street, on which buildings were erected; and it was alleged that defendant had sold the first eight lots mentioned, and had received the purchase price therefor, which exceeded his advances and his proportion of the profits. In the original complaint it was also claimed that the premises 424 West Fortieth street were also purchased and built upon under said copartnership agreement, but by the amendment this allegation was struck out, and it was alleged that those premises belonged solely to the plaintiff, and that the defendant had received the whole proceeds of the sale thereof in part payment of his copartnership advances, and the plaintiff claimed a credit therefor. The answer of the defendant denied the copartnership and the other allegations of the complaint connected therewith, and set up as the actual arrangement that he had agreed with the plaintiff's husband that the latter should purchase the five lots on Forty-Fifth street and the three lots on Tenth avenue and erect buildings thereon, for which purpose the defendant was to advance the necessary moneys, which were to be returned to him when the property was sold, with interest; and that he was to superintend the carpenter work of the buildings, and receive for his services one-third of the net profits; that he had advanced upwards of $80,000, and had been repaid only $60,000, and had received no part of the profits, which were $8,000; that the only connection Mrs. Niebuhr, the plaintiff, had with the transaction was that the title to the lots was taken in her name by the direction of her husband. As to the premises 424 West Fortieth street, the answer set up that neither the plaintiff nor her husband had any interest therein, but that they were at one time conveyed by the defendant, as executor of his deceased wife, to the plaintiff, for the purpose of having a mortgage executed thereon, and thereafter they were reconveyed by her to him, acting as executor aforesaid. As to the lots on Ninth avenue and Bank street, the answer alleged that they were at all times the defendant's property, and denied that plaintiff or her husband ever had any interest therein. A counter-claim was set up, arising, as alleged, upon the plaintiff's taking part of the funds of the joint enterprise, and investing them in premises on Ninety-Third street, and asking that the property should be decreed liable for his advances

and profits, and that he should be decreed owner thereof to an amount sufficient to satisfy his claim. It was also alleged that an accounting had been had between plaintiff and defendant, in which it was agreed that by reason of the aforesaid transactions there was justly due the defendant $28,000. The plaintiff, by reply, denied the counter-claim, and averred that she became the owner of the Ninety-Third street premises by taking the same in exchange for premises in Forty-Third street, in which neither the plaintiff nor her husband had any interest, and denied the allegation of an accounting, but averred that an arbitration was had between the defendant and herself, whereby it was shown that $28,599.80 was due her from the defendant as her share of the profits on the sale of the first eight lots aforesaid. The issues were referred to a referee, who made a report, upon which an interlocutory judgment was entered, and who then took and stated the accounts of the parties, and made a report, upon which the final judgment was entered. The findings upon the interlocutory judgment were substantially, first, that there was no copartnership between the plaintiff and the defendant, but that her husband at first made an agreement with the defendant by which the latter was to advance means to excavate the five lots on Forty-Fifth street, and was to receive his advances and interest and $500 per lot, and that he did make advances of $7,500 therefor; that afterwards her husband, as her attorney, made a further agreement with defendant, by which the latter was to advance, in addition, the money needed to erect buildings on said five lots, and upon the sale thereof to be repaid his advances with interest, and that he should receive one-third of the profits; that a subsequent like agreement was made between the plaintiff and defendant with respect to the three lots on Tenth avenue; that on November 23, 1883, the plaintiff executed a writing to the defendant, declaring that she held the title to said property subject to the repayment of defendant's advances and the payment of one-third of the profits; that plaintiff had no real interest in the premises 424 West Fortieth street, but received the deed thereof from the defendant as executor, and at his request, and for the sole purpose of executing a mortgage thereon negotiated by him, and that she immediately conveyed the property to him by a deed not recorded, and that she subsequently conveyed the property to a third party, to whom defendant had sold it, and that she had no interest in or right to the money realized on such mortgage or sale; also that the plaintiff had no interest in the property on Ninth avenue or Bank street; and as conclusion of law, that the plaintiff and defendant had a joint interest in the Forty-Fifth street and Tenth avenue properties not amounting to a copartnership, which entitled the plaintiff to maintain the action. The disposition of the counter-claim was reserved for the accounting. Upon the final accounting the referee found that the defendant had advanced and was entitled to credit for $65,014.36, which embraced interest to January, 1885, and that he was entitled to $8,000 as his share of the profits, and to $819.11 on his counter-claim, amounting altogether to $73,833.47; and that he had received of the proceeds of the sale of the eight lots first mentioned $73,627, including interest, which left due him on January 1, 1885, $206.47, and for this sum, with interest, judgment was entered in his favor.

The questions raised by the appeal of the plaintiff are: *First*, that the defendant ought not to be allowed $8,000 as his share of profits; *second*, nor $819.11 upon his counter-claim; *third*, and that the plaintiff should have been allowed $14,000, received by the defendant as proceeds of the premises 424 West Fortieth street. None of the evidence taken before the referee is printed in the case, and the appellant relies for a reversal upon the ground that the findings of fact are insufficient, and inconsistent with each other, and do not sustain the conclusions of law and the judgment.

*As to the Profits.* Plaintiff contends that the referee found that there was no copartnership between the parties; that the defendant was merely a loaner,

and the plaintiff a borrower, of moneys; and, therefore, that the stipulation for one-third of the profits was a bonus in excess of the lawful interest, and was usurious and void. This is not a correct statement of the findings. The referee found that an agreement was entered into for advances by defendant, and that on the sale of the house he should be repaid with interest, and should be entitled to receive in addition thereto one-third of the profits that should be realized on such sale; but there was no finding that this profit was to be paid for the loan and forbearance of the money advanced. The plaintiff made no request for any such finding. She requested the referee to find, and he did find, "that the relationship existing between the plaintiff and defendant in respect to the premises in West Forty-Fifth street and Tenth avenue, mentioned in the pleadings, was that shown by the paper writing signed by the plaintiff, dated November 23, 1883, which writing was read in evidence on the trial of this action as defendant's Exhibit No. 1." But this paper is not in the record. The referee, in his conclusion of law, states that the plaintiff and defendant had a joint interest in the Forty-Fifth street and Tenth avenue property, not amounting to a copartnership, sufficient to entitle the plaintiff to maintain the action for an accounting, and the plaintiff herself entered the interlocutory judgment upon his findings, adjudging that the plaintiff had such a joint interest in the premises. We must assume, in the absence of all the evidence, if, indeed, plaintiff is not concluded by her own judgment, that there was evidence of a joint interest of the parties, and a lawful consideration for the agreement found by the referee that the defendant was to receive a share of the profits as well as the repayment of his advances and interest.

*As to the Counter-Claim.* The objection made by plaintiff is that the counter-claim, as found, was different from that pleaded. The pleading was substantially that the plaintiff had taken part of the joint funds, and invested them in property on Ninety-Third street, which property should be applied to the payment of the balance of his advances. The plaintiff's reply was that said property was acquired by the exchange of property on Forty-Third street, known as the "Narragansett Flat," which was purchased out of her own funds, and was her private estate, and no money was ever advanced by defendant in connection therewith. The finding of the referee is that the defendant advanced $3,527.64 to be devoted to the Narragansett flat, upon the agreement that he should have a lien thereon for the repayment thereof, with interest, and that he subsequently consented to the exchange by the plaintiff of such flat for the property on Ninety-Third street upon an agreement that he should have a lien on the latter property for such repayment; and that he has received an account of his advances, with interest, $2,189.14, which, deducted from $3,527.04 and interest, leaves a balance due him of $819.11, which, as the referee finds, was the counter-claim referred to and intended to be alleged and set up in the defendant's answer. There is a variance between the pleading and the proof in this matter, in this respect: that the proof shows that the advances made by the defendant were from his own funds, while the pleading is that the plaintiff took the joint funds to acquire the property; and that, instead of the plaintiff's acquiring the Ninety-Third street property by moneys taken from the joint fund, she acquired it by exchanging for the Narragansett flat, upon which defendant had made the advances. The defendant established, however, a right to a lien upon the Ninety-Third street property, and this was the only substantial issue between the parties. The only way in which the plaintiff could take advantage of this variance between the pleading and the proof was by objection at the trial, but, as the record of the trial is not before us, it does not appear that such objection was made, and there is, therefore, nothing to review. Objection of variance between the pleading and proof is not available upon appeal unless raised at the trial. See *Tallman* v. *Earle, ante,* 805, (decided at this general term, April 6, 1891,) and cases cited therein.

*As to the Property* 424 *West Fortieth Street.* This claim of the plaintiff is wholly without merit. It rests upon the assumption that, because the defendant, in violation of his duty as trustee, conveyed the premises in question—a part of the trust-estate—to the plaintiff for the sole purpose, as she knew, to enable him to raise money by mortgage thereon, and subsequently effected a sale thereof to a purchaser, to whom the plaintiff, at his request, conveyed it, the defendant receiving the proceeds of the mortgage in the first place and of the sale in the second place, this transaction gave the plaintiff— the agent or intermediary by whom these negotiations were effected—the right in a court of equity to the application of such proceeds to the satisfaction of her private and personal indebtedness to the defendant arising out of matters wholly unconnected with the transaction or the trust. It does not require any argument to dispose of such a pretension. It is claimed, however, that as the defendant, as executor, pretending to act under a power of sale, made a conveyance to the plaintiff, he cannot dispute the validity of his deed or the plaintiff's title thereunder. No such dispute is attempted, for it appears that upon his executing such deed to the plaintiff she immediately reconveyed the property back to him by a deed which he continued to hold when she made the mortgage, and also when she subsequently conveyed the property to a third person, named by him. He is therefore not disputing his deed, but she is attacking her own. It does not appear that any objection was made to the proof of the facts as found by the referee. We are to assume that the evidence was ample to sustain the findings of fact, and, it appearing from the whole of the findings that there was a conveyance to the plaintiff by the defendant solely to enable her to make a mortgage, that she immediately reconveyed to the defendant before such mortgage was given, and that her subsequent deed to the purchaser was, as between herself and the defendant, no conveyance of any interest, right, or title whatever, it follows that she parted with nothing, and is entitled to nothing as credit on account thereof. All other exceptions of the plaintiff relied upon on this appeal are disposed of by the foregoing considerations, and do not call for a reversal of the judgment. There is nothing inconsistent with the findings, and they abundantly support the judgment rendered, which must be affirmed. All concur.